**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Precias Kajuanna Freeman, | ) | |
| | ) | Civil Action No.: 8:21-cv-03872-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Anderson City Police Department, Pam | ) | |
| Warden, Ray Lyn Haggan, Bramlette | ) | |
| Dewey, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on January 19, 2022. (ECF No. 21.) The Report recommends that the court dismiss the Anderson City Police Department ("Police Department") from this action but maintain the action against the remaining Defendants ("Co-Defendants"). (*Id*.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 21) and **DISMISSES** the Police Department from the case.

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 21.) As brief background, Plaintiff is a detainee currently incarcerated at the Spartanburg County Detention Center. (*Id*. at 1.) Plaintiff claims that the Police Department's officers violated her personal safety and were deliberately indifferent in violation of the Eighth Amendment. (*Id*. at 2.) Plaintiff alleges that she was assaulted by another inmate and physically injured, and certain officers employed by the Anderson City Police Department failed to provide her with medical assistance. (*Id*.) Plaintiff seeks compensation for her medical expenses and emotional and mental distress. (*Id*. at 3.)

1

The Magistrate Judge recommends that the Police Department be dismissed from the action because it is not a proper defendant. (ECF No. 21 at 4-5.) Plaintiff filed suit under 42 U.S.C. § 1983, which requires Plaintiff to allege the following elements: "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law." (*Id.* at 4 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).) However, "[i]t is well settled that only 'persons' may act under color of state law." (*Id.* at 4 (citing *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001)).) Because the Police Department is not a person for § 1983 purposes, the Magistrate Judge suggests the action against the Police Department be dismissed. However, the allegations against Co-Defendants Warden, Haggan, and Dewey "are sufficient to survive initial review and the Amended Complaint will be served as to those Defendants only." (*Id.* at 5.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72

advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

Here, neither party has objected to the Report and the court discerns no clear error on the face of the record. The court has carefully examined the findings of the Report and concludes the action against the Police Department must be dismissed. Thus, after a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 21) and **DISMISSES** the Police Department from the case.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 16, 2022
Columbia, South Carolina