#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Precias Kajuanna Freeman, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 8:21-cv-3872-TMC |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Pam Warden; Ray Lyn Haggan; and | ) | |
| Bramlette Dewey, | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

Plaintiff Precias Kajuanna Freeman ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action asserting claims under 42 U.S.C. § 1983. (ECF Nos. 1; 12). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Defendants filed a motion for summary judgment (ECF No. 36), Plaintiff filed a response and presented documents in opposition to the motion, (ECF Nos. 40; 43), and Defendants filed a reply, (ECF No. 45). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendants' motion for summary judgment. (ECF No. 47). Attached to the Report was a notice advising Plaintiff of her right to file objections to the Report and of the consequences of failing to do so in a timely fashion. (ECF No. 47-1). The Report was mailed to Plaintiff at the address she provided the court and has not been returned as undeliverable. Accordingly, Plaintiff is presumed to have received the Report and notice of her right to object. Plaintiff has not filed objections, and the time for doing so has long since expired.

Because the Report thoroughly summarizes the facts in a light most favorable to Plaintiff, (ECF No. 47 at 1–4), the court need not recount the facts in detail here and adopts the magistrate

judge's factual and procedural summary. On November 26, 2018, Plaintiff was incarcerated at the City of Anderson Police Department Detention Center—the "City Jail." *Id.* at 2. Plaintiff was assaulted by a fellow prisoner—Jennifer Grant—around 11:00 p.m. *Id*. Defendant Pam Wharton—an employee of the City of Anderson Police Department ("ACPD") incorrectly identified by Plaintiff as Pam "Warden"—saw the assault occur, called for assistance and escorted Plaintiff to see the contract nurse. (ECF Nos. 12 at 9; 36-3). Defendant RayLyn Haggan, identified as "Ray Lyn Haggan," was handling booking at City Jail and did not witness the attack, and Defendant Dewey Bramlette, incorrectly identified as "Bramlette Dewey," was working the day shift on the day of the assault and also did not witness the incident. Plaintiff claims she lost consciousness and suffered head trauma, contusions, bruises, blood drainage from her ears, headaches dizziness, nausea, high blood pressure, black eyes and chipped teeth from the attack. Plaintiff was examined by a contract nurse on November 27 and November 28 and received a CT scan at AnMed Health on November 29.

Plaintiff claims that Defendants failed to protect her from inmate Grant despite knowing that Grant had previously assaulted staff and inmates "in the past" and that Grant had "mental problems." (ECF No. 12 at 6). Plaintiff also claims Defendants took no action to assist her right after the assault and that she only received medical attention after her criminal lawyer wrote a letter to City Jail officials on November 28, 2018. (ECF Nos. 12 at 6; 12-1 at 35).

In the Report, the magistrate judge recommended that the court grant Defendants' motion to dismiss on two grounds. (ECF No. 47 at 19). First, the magistrate judge determined that Plaintiff failed to show that she exhausted her administrative remedies available under the City Jail's grievance procedures. *Id*. at 14. The magistrate judge rejected Plaintiff's contention that she exhausted her administrative remedies by informally complaining to City Jail staff and by

having the attorney handling her criminal charges send a letter, observing that "the City Jail's procedure requires that grievances by filed on an Inmate Grievance Form, which Plaintiff does not maintain that she did." *Id*. at 14 n.6.  Second, the magistrate judge concluded that Plaintiff failed to create a genuine dispute of material fact with respect to any of her claims. *Id*. at 14–19.  As to the failure-to-protect claim, the magistrate judge concluded that Plaintiff "failed to forecast evidence creating a genuine dispute of material fact regarding whether any Defendant was deliberately indifferent to a substantial risk of serious harm to Plaintiff posed by Grant." *Id*. at 16.  As to the failure-to-provide-adequate-medical-care claim, the magistrate judge likewise found that Plaintiff failed to create a triable issue of fact "regarding whether any Defendant was deliberately indifferent to her medical needs." *Id*. at 18–19.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review de novo those portions of the report to which specific objections have been made, and need not conduct de novo review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'"  *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp*., 103

F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Having reviewed the Report and the record and, finding no clear error, the court agrees with and wholly ADOPTS the magistrate judge's findings and recommendations in the Report (ECF No. 47), which is incorporated herein by reference. Accordingly, Defendants' motion for summary judgment is **GRANTED**. (ECF No. 36).

**IT IS SO ORDERED**.

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
November 29, 2022

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.